# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEONARD COAKLEY, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. ED CV 16-01724 AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

**I.    BACKGROUND**

Plaintiff John Leonard Coakley filed his application for disability insurance benefits under Title II of the Social Security Act on December 10, 2014, alleging disability beginning January 1, 2014. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on February 4, 2016. In a decision dated March 2, 2016, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act for the period from January 1, 2014, through the date of the decision. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated June 10, 2016. Plaintiff

filed a Complaint herein on August 11, 2016, seeking review of the Commissioner's denial of his application for benefits.

In accordance with the Court's Order Re: Procedures in Social Security Appeal, the Plaintiff filed a memorandum in support of the complaint on July 11, 2017. The Commissioner filed a memorandum in support of her answer on August 15, 2017. Plaintiff did not file a reply. This matter now is ready for decision.

**II.    DISPUTED ISSUE**

Whether the ALJ improperly evaluated Plaintiff's credibility and subjective complaints.

**III.   STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Error in a social security determination is subject to harmless error analysis. *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). Reversal "is not automatic,

but requires a determination of prejudice." *Id.* A reviewing federal court must consider case-specific factors, including "an estimation of the likelihood that the result would have been different, as well as the impact of the error on the public perception of such proceedings." *Id.* (footnote and citation omitted).

## IV. FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id.* If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id.* If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id.* If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id.* The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id.* The Commissioner then bears the burden of establishing that the claimant is not

disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V. THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2014, the alleged onset date. (AR 20.) At step two, the ALJ found that Plaintiff had the following severe impairments: hypertension; obstructive sleep apnea syndrome with a continuous positive airway pressure usage; high blood pressure; major depression; post-traumatic stress disorder; anxiety; arthritis of the hips; degenerative joint disease of the knees; patellofemoral syndrome; lumbar facet syndrome; mild degenerative changes of the left shoulder; and fibromyalgia. (AR 20-21.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 21-23.) The ALJ then found that Plaintiff had the residual functional capacity (RFC) to perform light work, except

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand and walk for three hours in an eight-hour workday and sit for six hours in an eight-hour workday with normal breaks; can frequently push and pull with the bilateral upper extremities; can frequently operate foot control operations bilaterally; can never climb ladders, ropes or scaffolds; can occasionally climb ramps or stairs, balance, stoop, kneel, and crouch, but never crawl; can perform bilateral overhead reaching only occasionally, but reaching in all other directions are not limited; can only perform jobs that can be performed while using a hand-held assistive device for uneven terrain

and prolonged ambulation; can occasionally have exposure to extreme cold, extreme heat, unprotected heights and excessive construction vibration; can have occasional use of moving machinery; can perform unskilled work at all reasoning levels appropriate for unskilled work; can only have occasional superficial interaction with the public. (AR 23.)

At step four, based on Plaintiff's vocational background, testimony and testimony of the VE, the ALJ concluded that Plaintiff is not capable of performing his past relevant work as a drill sergeant and trainer. (AR 29.) However, based on Plaintiff's age, education, work experience, RFC and VE testimony, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform, such as Inspector, Assembler and Sorter. Accordingly, the ALJ concluded that Plaintiff was not disabled as defined under the Social Security Act from January 1, 2014, through March 2, 2016, the date of the decision. (AR 31.)

## VI. THE ALJ'S ASSESSMENT OF PLAINTIFF'S CREDIBILITY AND SUBJECTIVE COMPLAINTS

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). Where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986); *see also Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Here, since the Commissioner has not argued that there was evidence of malingering and that a

lesser standard consequently should apply, the Court will apply the "clear and convincing" standard to the ALJ's adverse credibility determination. *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (applying "clear and convincing" standard where the government did not argue that a lesser standard should apply based on evidence of malingering).

"General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell*, 775 F.3d at 1138. An ALJ's findings "'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). An ALJ may consider a variety of factors ordinarily used in assessing credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (an ALJ may consider inconsistencies within testimony or between testimony and conduct in weighing credibility); *Smolen*, 80 F.3d at 1284 (in determining credibility, the ALJ may consider "ordinary techniques of credibility evaluation").

Here, the ALJ provided several reasons in support of her adverse credibility determination. First, the ALJ found that Plaintiff's ability to participate in his daily activities "diminishes the credibility of his functional limitations." (AR 25.) As summarized by the ALJ, Plaintiff testified that "he is unable to work due to fibromyalgia, hip issues, left shoulder pain, knee pain, bilateral fasciitis, and mental health issues. He asserted that he has difficulty standing, walking sitting, bending and sleeping." (AR 24.) However, as also discussed by the ALJ, Plaintiff reported that "his activities of daily living included performing personal care tasks, preparing simple meals, helping with the laundry, driving, going outside on a daily basis, shopping in stores, playing games, using the computer, paying bills, handling

the finances and spending time with his wife and others." (AR 25, citing AR 181-88 and Plaintiff's testimony.) The ALJ further referred to Plaintiff's testimony that he does some walking and exercising. (AR 24.) The inconsistency between the impairments claimed by Plaintiff and his "somewhat normal level of daily activity and interaction" (AR 25) is a valid basis for a negative credibility finding and is supported by substantial evidence in this case. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (ALJ may discredit claimant's testimony when "claimant engages in daily activities inconsistent with the alleged symptoms"); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (ALJ properly discounted claimant's testimony because "she leads an active lifestyle, including cleaning, cooking, walking her dogs, and driving to appointments"). In making these findings regarding daily activities the ALJ pointed to specific testimony and compared it to the specific limitations claimed by Plaintiff. As the Commissioner points out, Plaintiff's credibility may be properly discounted even if the level of his admitted daily activities was not wholly commensurate with full-time work. *See Molina*, 674 F.3d at 1113. In this case, Plaintiff's ability to, *inter alia*, use the computer, pay bills, take responsibility for handling finances, drive, and walk are functions that are transferrable to a work setting. Plaintiff also testified that he had nearly completed an on-line MBA program. Accordingly, the ALJ specifically found that "[s]ome of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." (AR 25.) That provides a further ground for the credibility determination. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (adverse credibility finding may be based on the fact claimant engages in "'pursuits involving the performance of physical functions that are transferable to a work setting'").

Second, the ALJ found that "the claimant has made inconsistent statements regarding matters relevant to the issue of disability." (AR 25.) She provided two

examples of these inconsistencies. As one instance, the ALJ referred to a claim by Plaintiff in a function report that he had difficulty concentrating and completing tasks (AR 25, referring to AR 186) and contrasted that with Plaintiff's testimony at the hearing that he had completed 14 of 16 classes necessary to earn an online MBA (AR 25 citing testimony at AR 42-43). Plaintiff further testified that he would take one of his final classes in the next term, when that class became available. (AR 43.) The ALJ also compared Plaintiff's claim that he had difficulty walking and bending (AR 54), with his testimony that he was a strong person who did some pushups and extended stretching for exercise (AR 53). The inconsistency of Plaintiff's statements concerning concentration and completing tasks is strongly supported in the record; taken together with the varied testimony concerning Plaintiff's physical capabilities, substantial evidence supports the ALJ's finding that there were inconsistencies in Plaintiff's subjective symptom testimony and allegations. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). These inconsistencies provide another legally sufficient reason on which the ALJ could properly rely in making an adverse credibility determination. *See id.,* at 680 ("In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering . . . inconsistencies in claimant's testimony."); *Molina*, 674 F.3d at 1113 (ALJ properly rejected claimant's testimony in part because it was inconsistent with other evidence in the record); *Morgan, v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and other evidence in the record).

As a final reason, the ALJ found that Plaintiff's subjective testimony was not substantiated by objective medical evidence in the record. (AR 25.) Although this may not be the *sole* reason to support an adverse credibility finding, "it is a factor that the ALJ can consider in his credibility analysis." *Burch*, 400 F.3d at 681;

*Morgan*, 169 F.3d at 600 (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); *see also Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints). In the present case, the ALJ's assessment of the objective medical evidence was supported by substantial evidence.

Accordingly, the Court concludes that the ALJ did not err in her adverse credibility determination.

\*   \*   \*

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: September 14, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE